UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 14-20401

Honorable John Corbett O'Meara

v.

WALTER SMITH,

      Defendant.
                                     /

## OPINION AND ORDER DENYING
## DEFENDANT'S JANUARY 14, 2015 MOTION TO SUPPRESS IDENTIFICATION

This matter came before the court on defendant Walter Smith's January 14, 2015 motion to suppress identification. The government filed a response January 21, 2015. No reply was filed, and no oral argument was heard.

### BACKGROUND FACTS

The Indictment alleges that at approximately 1:30 p.m. on June 30, 2014, defendant Walter Smith and another man walked into a Radio Shack in Royal Oak Township, Michigan, and forced an employee into the storeroom, where she was tied up while they looted the store of cell phones. The employee described her assailants to law enforcement officers as being African American males. She further advised that one of the men wore a white t-shirt and appeared to have a dark complexion, facial hair, and a short Afro haircut. Less than six hours after the armed robbery, she was shown a photo array of six African American males to determine whether she could identify the suspects who attacked her. She identified defendant Walter Smith as one of the perpetrators. Defendant is charged with, among other things, Interference with Commerce by Threat or Violence.

In his motion to suppress the photo identification, defendant Smith contends that the photo array was improper because he was the only person wearing a white t-shirt. He also complains that he is the only person with his hair cut in a short Afro.

## **LAW AND ANALYSIS**

The United States Court of Appeals for the Sixth Circuit "has prescribed a two-step analysis for determining the admissibility of identification testimony." United States v. Sullivan, 431 F.3d 976, 985 (6th Cir. 2005). "First, the defendant must show that the identification procedure was unduly suggestive. If the defendant meets this burden, then the court must evaluate the reliability of the identification in the totality of the circumstances." Id.

In this case the photo array consists of defendant Smith and five other African American males. All six have some facial hair and appear to be around the same age. They all have similar expressions, hair styles, and skin tone. Although defendant Smith is the only one in only a white t-shirt, others appear to have white shirts under darker shirts.

Even if defendant Smith were the only person in the photo array with a white t-shirt, the photo spread "did not improperly single out the defendant" in such a way as to render it "unduly suggestive." Because defendant Smith fails to meet his burden in the first step of the two-step analysis prescribed in Sullivan, the court need not consider evaluating the reliability of the identification in the totality of the circumstances.

Although defendant Smith's motion does not properly seek dismissal of the Indictment by motion, his request for dismissal based on the allegedly improper photo array will also be denied.

## **ORDER**

It is hereby **ORDERED** that defendant Walter Smith's January 14, 2015 motion to suppress identification is **DENIED.**

Date: February 19, 2015                              s/John Corbett O'Meara
                                                     United States District Judge


I hereby certify that on February 19, 2015 a copy of this opinion and order was served upon counsel of record using the ECF system.

                                                     s/William Barkholz
                                                     Case Manager