UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER SMITH,

    Petitioner,                                 Case No. 14-20401

v.                                                  Honorable John Corbett O'Meara

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S**
**MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

This matter came before the court on petitioner Walter Smith's June 20 and July 1, 2016 Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The government filed a response December 9, 2016; and Petitioner filed a reply March 3, 2017.

Petitioner Walter Smith pleaded guilty to both charges in his indictment: Hobbs Act robbery (Count I), in violation of 18 U.S.C. § 1951; and use of a firearm during and in relation to the robbery (Count II), in violation of 18 U.S.C. § 924(c). Smith filed these two motions following the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is

unconstitutionally vague. Smith therefore argues that "his 18 U.S.C. § 924(c)(1)(a)(ii) offense should be vacated and/or overturned . . . ."

## **LAW AND ANALYSIS**

Pursuant to 28 U.S.C. § 2255(a),

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

Under 28 U.S.C. § 2255(b), evidentiary hearings are not required if "the motion and the files and records of the case conclusively show that prisoner is entitled to no relief." Because the files and records of this case conclusively show that Petitioner

2

is not entitled to relief, an evidentiary hearing is unnecessary; and the court will rule on this matter on the briefs submitted.

For purposes of 18 U.S.C. § 924(c), the term "crime of violence" is defined as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against a person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Subsection (A), called the "elements clause" or the "force clause," looks to the elements of the offense and whether the elements involve the use of force. See, e.g., United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015). Subsection (B) is called the "residual clause" and looks to the risk of force posed by the offense.

In Johnson, the Supreme Court invalidated the residual clause in the ACCA, but it left intact that statute's elements clause and enumerated-offense clauses. Johnson, 135 S. Ct. At 2563. Therefore, even if the residual clause in § 924(c) is affected by Johnson, petitioner Smith is not entitled to relief if his predicate offense, Hobbs Act robbery, is a crime of violence under § 924(c)'s elements clause.

The United States Court of Appeals for the Sixth Circuit has held that the residual clause of § 924(c) is unaffected by the Court's decision in Johnson. United

States v. Taylor, 814 F.3d 340, 376 (6th Cir. 2016). In short, the appellate court has held that "the argument that Johnson effectively invalidated § 924(c)(3)(B) is . . . without merit." Id. at 379. Because Hobbs Act robbery involves a substantial risk that physical force against the person of another may be used in the commission of the offense, it is a crime of violence under the residual clause of § 924(c). United States v. Taylor, 176 F.3d 331, 337-38 (6th Cir. 1999); United States v. Farmer, 73 F.3d 836, 842 (8th Cir. 1996). Therefore, the court must deny petitioner Smith's motions.[1]

A certificate of appealability must issue before a petitioner may appeal a district court's denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. "Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[1] The court notes that even if Hobbs Act robbery were not deemed a crime of violence under the residual clause of § 924(c), dozens of courts have held that it is a crime of violence under the statute's elements clause.

4

In this case the court concludes that reasonable jurists would not find the court's assessment of Petitioner's claims debatable or wrong. Accordingly, the court will decline to issue a certificate of appealability.

**ORDER**

It is hereby **ORDERED** that petitioner Smith's June 20 and July 1, 2016 motions to vacate, set aside, or correct sentence are **DENIED.**

It is further **ORDERED** that the court **DECLINES TO ISSUE** a certificate of appealability.

           s/John Corbett O'Meara
           United States District Judge

Date: April 11, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 11, 2017, using the ECF system and/or ordinary mail.

           s/William Barkholz
           Case Manager